IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN GILLEN | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE BOEING COMPANY, | : | |
| ET AL., | : | |
| | : | E.D. PA CIVIL ACTION NO. |
| Defendants. | : | 2:13-cv-03118-ER |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                     August 26, 2014

### I. BACKGROUND

This case raises the yet unaddressed issue in Pennsylvania appellate jurisprudence of whether, under Pennsylvania law, an employer and premises owner owes a duty to a spouse of an employee to protect against, or warn her of, the hazards of exposure to asbestos fibers allegedly transmitted at the employer's premises and carried into her home by her husband (hereinafter "take-home exposure").

Plaintiff Marilyn Gillen ("Plaintiff" or "Mrs. Gillen") asserts the she developed mesothelioma as a result of her exposure to asbestos. Mrs. Gillen worked as a secretary at the Boeing Vertol facility in Ridley Park, Pennsylvania from 1966 to 2005 ("Boeing" or "Defendant"). Plaintiff alleges that she was exposed to asbestos while working at Boeing when Defendant conducted various asbestos abatement projects within her

proximity. Mrs. Gillen's husband, Hugh Gillen ("Mr. Gillen"), also worked at the Boeing Vertol facility. Mr. Gillen worked as a machinist from 1966 to 1970 and 1973 to 2005. Plaintiff also alleges that she was exposed to asbestos when she laundered her husband's clothes in her home. Plaintiff asserts that Mr. Gillen's clothes contained dust from asbestos products and materials that he worked with at Boeing. It is this claim relating to take-home exposure due to Mrs. Gillen's laundering of Mr. Gillen's work clothing in her home, and not her claim relating to her exposure while working as a secretary at Boeing, that is currently at issue.

Defendant Boeing moves to dismiss Plaintiff's "Household Exposure" (take-home exposure) claim. See Compl. ¶¶ 29-34. Defendant asserts that Plaintiff cannot maintain a viable take-home exposure cause of action against Boeing under Pennsylvania law. For the reasons that follow, the Court will grant Boeing's motion to dismiss Plaintiff's take-home exposure claim.[1]

---

[1] In its papers, Defendant also moved to dismiss Plaintiff's claims on two other grounds: (1) Plaintiff failed to identify any defective product attributable to Boeing to which she alleged exposure; and (2) Plaintiff's prior pleadings constituted a judicial admission that she was not exposed to asbestos through her employment at Boeing. At oral argument, Defendant stated that its first argument was essentially moot after discovery had progressed. As to its second argument, Defendant stated that it was more appropriate for the Court to address at the summary judgment stage. Therefore, the Court considers each of these arguments withdrawn.

## II. LEGAL STANDARD

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks omitted). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "'A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In deciding a Rule 12(b)(6) motion, the Court is to limit its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## III. DISCUSSION

The parties agree that Plaintiff's claim for take-home exposure to asbestos sounds in negligence.[2] In Pennsylvania[3], a

---

[2] The Pennsylvania Supreme Court granted a Petition for Allowance of Appeal in Tincher v. Omega Flex, Inc., 64 A.3d 626 (Pa. 2013), to answer the question of whether Pennsylvania "should replace the strict liability analysis of Section 402A of the Second Restatement with the analysis of the Third Restatement." As the parties agree that Plaintiff's claim for take-home exposure sounds in negligence, the forthcoming decision in Tincher is unlikely to affect the outcome of Defendant's motion – a point that both parties appeared to agree upon at oral argument.

[3] Defendant Boeing removed the instant case to federal court pursuant to the federal officer removal statute. 28 U.S.C. § 1442(a)(1). The parties agree, however, that Pennsylvania law applies to Plaintiff's claim for take-home exposure to asbestos.

negligence cause of action is comprised of the following elements:

> (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;
>
> (2) defendant's failure to conform to the standard required;
>
> (3) a causal connection between the conduct and the resulting injury;
>
> (4) actual loss or damage resulting to the plaintiff.

R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005). The parties also agree that the only dispute presently before the Court is whether Boeing owed a duty to Mrs. Gillen.[4] The question of

---

[4] The parties refer to the legal obligation allegedly owed by Boeing to Mrs. Gillen in this case as a "duty." Neither party precisely identifies the scope or contours of such a duty. In her complaint, Plaintiff states that Boeing:

> a. Failed to warn Hugh Gillen and Marilyn Gillen regarding the hazards involved in laundering clothing after working with and in close proximity to asbestos containing products on a regular and frequent basis;
>
> b. Failed to provide lockers, a shower or other facilities such that Plaintiff's husband, or other similarly situated people, could properly change their clothes and clean from their bodies the asbestos dust and fibers they were exposed to[.]

5

whether Plaintiff is owed a duty of care is a question of law for the Court to decide. Id.

As both sides have indicated, there is no authority from the Pennsylvania Supreme Court, or any Pennsylvania appellate court, regarding the duty owed by an employer and/or premises owner to an employee's spouse to warn or take measures to protect against take-home exposure to asbestos under Pennsylvania law. In the absence of a controlling decision by the Pennsylvania Supreme Court, this Court must predict how Pennsylvania's highest court would decide the instant case. See Nationwide Mutual Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000). "In predicting how the highest court of the state would resolve the issue, we must consider 'relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.'" Id. (quoting McKenna v. Ortho Pharm. Corp., 622 F.2d 657, 663 (3d Cir. 1980)).

Under Pennsylvania law, the concept of duty in a negligence case is "rooted in public policy." Manzek, 888 A.2d at 746. In Althaus v. Cohen, 756 A.2d 1166, 1168-69 (Pa. 2000), the Pennsylvania Supreme Court noted:

---

Compl. ¶ 33. Given that the Court finds no duty is owed, we need not define the scope or contours of the alleged duty.

> [T]he determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

Recently, the Pennsylvania Supreme Court cautioned that it "would not direct the substantive common law away from well-established general norms in the absence of some clear predominance of policy justifications." Lance v. Wyeth, 85 A.3d 434, 454 (Pa. 2014); see also Seebold v. Prison Health Servs., Inc., 57 A.3d 1232, 1245 (Pa. 2012) (refusing to impose new affirmative duty on physician in holding physician had no duty to warn corrections officer who regularly was in close contact with inmates that a particular inmate had a communicable disease).[5] With these teachings in mind, the Court will apply the Althaus factors to this case.

A. The Relationship between the Parties

The relationship between the parties in this case is typical of most take-home exposure cases. Here, Mrs. Gillen

---

[5] See also Cafazzo v. Central Med. Health Servs., Inc., 668 A.2d 521, 527 (Pa. 1995) ("[B]efore a change in the law is made, a court, if it is to act responsibly must be able to see with reasonable clarity the results of its decision and to say with reasonable certainty that the change will serve the best interests of society.").

asserts that she was exposed to asbestos from laundering the clothes of her husband, an employee of Boeing, who was allegedly exposed to asbestos while working on Boeing's premises. Accordingly, Mrs. Gillen's relationship with Defendant Boeing as it relates to her take-home exposure claim is essentially that of "legal strangers" under the law of negligence. See Riedel v. ICI Americas Inc., 968 A.2d 17, 26-27 (Del. 2009) (applying Delaware law in asbestos take-home exposure case).[6] The alleged exposure did not occur on the Defendant's premises. Rather, Mrs. Gillen was exposed off-premises to asbestos that was carried into her home by her husband.

Mrs. Gillen argues that her relationship with Boeing was different than the typical take-home exposure plaintiff because she also worked for Boeing. While true, this has no bearing on the question of whether Boeing owed a duty to Mrs. Gillen as an employee's spouse who was exposed to asbestos in her own home. The relationship between the parties must be viewed in the context of the alleged tort, not in the context of any connection outside the circumstances of this lawsuit that the parties may have with each other. See Morena v. S. Hills Health

---

[6] "Generally, our Courts have been reluctant to impose a duty to protect a member of the general public from the harmful acts of third parties, in the absence of special circumstances." Commerce Bank/Pennsylvania v. First Union Nat'l Bank, 911 A.2d 133, 139 (Pa. Super. Ct. 2006).

8

Sys., 462 A.2d 680, 684 (Pa. 1983) (noting duty is predicated on relationship at the time in question). Accordingly, this factor weighs against imposing a duty on Defendant Boeing.[7]

    B.    The Social Utility of the Actor's Conduct

The social utility of Boeing's conduct does not weigh for or against the imposition of a duty. Boeing's business activities are lawful and provide a useful service for its shareholders, employees, and customers. While of course, over the years, the use of asbestos has had a harmful health effect

---

[7]    States that place an emphasis on the relationship between the parties generally hold that no duty exists in take-home exposure cases. See Van Fossen v. MidAmerican Energy Co., 777 N.W.2d 689, 697 (Iowa 2009) (collecting cases) (applying Iowa law); Campbell v. Ford Motor Co., No. B221322, 2012 WL 1820919, at *12 (Cal. Ct. App. May 12, 2012) (noting split between jurisdictions as those that focus on foreseeability of harm to plaintiff and finding a duty, compared with those that focus on the absence of a relationship between the parties among other policy concerns and finding no duty) (applying California law); In re Asbestos Litig. (Lillian Riedel), C.A. No. 04C-07-099-ASB, 2007 WL 4571196 (Del. Super. Ct. Dec. 21, 2007), aff'd Riedel v. ICI America's Inc., 968 A.2d 17 (Del. 2009) (noting that "where the duty analysis focuses on the relationship between the plaintiff and the defendant, and not simply the foreseeability of injury, the courts uniformly hold that an employer/premises owner owes no duty to a member of a household injured by take home exposure to asbestos") (applying Delaware law); In re New York City Asbestos Litig. (Holdampf v. A.C. & S., Inc.), 840 N.E.2d 115 (N.Y. 2005) (holding no duty, and noting that "foreseeability bears on the scope of a duty, and not whether it exists in the first place") (applying New York law); In re Certified Question from Fourteenth Dist. Court of Appeals of Texas (Miller v. Ford Motor Co.), 740 N.W.2d 206, 209 (Mich. 2007) (holding that before a duty can be imposed there must be a relationship between the parties and the harm must have been foreseeable) (applying Michigan law).

on many, its use has been substantially regulated and replaced by other products since the early 1970s. Therefore, this factor is equipoise in this case.

    C.    The Nature of the Risk Imposed and Foreseeability of the Harm Incurred

"[D]uty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others." Manzek, 888 A.2d at 747. The Court notes that with the benefit of hindsight, an argument can be made that it was foreseeable that those exposed to asbestos on Defendant's premises would later expose those they came in contact with at home. This, however, is not the test under Pennsylvania law as the Court must look to "whether the harm to [plaintiff] was foreseeable in the first instance." Commerce Bank/Pennsylvania v. First Union Nat'l Bank, 911 A.2d 133, 139 (Pa. Super. Ct. 2006). Therefore, it is not enough to claim that Boeing knew, at the time, that Plaintiff's husband was exposed to asbestos while working there.[8] Rather, Plaintiff must allege that Boeing knew, or should have known, that if Mr. Gillen took home his work clothing, Mrs. Gillen would be exposed to friable asbestos while washing his work clothing at home. This Plaintiff has not done.[9]

---

[8]    That asbestos can be harmful to one's health has been known for some time.

[9]    Specifically, Plaintiff alleges that "[d]espite knowledge of the dangers of exposure to asbestos, and knowledge that

10

Moreover, even if Plaintiff was deemed a foreseeable third party, foreseeability "is not alone determinative of the duty question," and "is not necessarily a dominant factor" in the duty assessment under Pennsylvania law. Seebold, 57 A.3d 1232, 1249 & n.26 (holding the court must assign appropriate weight to each policy factor depending on the nature and context of the duty in question). For example, in Estate of Witthoeft v. Kiskaddon, the Pennsylvania Supreme Court prioritized factors other than foreseeability in noting that a motorist injured by a physician's patient with bad vision was "simply not a foreseeable victim that this court will recognize." 733 A.2d 623, 630 (Pa. 1999) (holding physician not liable for injuries sustained by a third party when physician did not notify PennDOT of his patient's poor vision). In doing so, the court refused to "stretch foreseeability beyond the point of recognition for to do so will be to make liability endless." Id. Accordingly, this factor does not tip the scale in favor of imposing a duty on Defendant.

---

asbestos fibers from Defendants['] products would be carried home on the clothing of Plaintiff's husband" Defendant, inter alia, failed to warn or take measures to protect Mrs. Gillen. See Compl. ¶ 33. Plaintiff does not allege, for example, that Boeing knew, or should have known, that Mrs. Gillen would be exposed to friable asbestos through the laundering of her husband's work clothing.

D. <u>The Consequences of Imposing a Duty upon the Actor</u>

The consequences of imposing a duty in situations of take-home exposure weigh heavily against imposing a duty on Defendant Boeing. As other courts have recognized, without a limiting principle, liability for take-home exposure would essentially be infinite. <u>See</u> <u>In re Asbestos Litig. (Lillian Riedel)</u>, No. 04C-07-099-ASB, 2007 WL 4571196, at *12 (Del. Super. Ct. Dec. 21, 2007) (applying Delaware law in asbestos take-home exposure case). Therefore if Boeing owed Mrs. Gillen a duty, it would similarly be said to owe a duty to children, babysitters, neighbors, dry cleaners, or any other person who potentially came in contact with Mr. Gillen's clothes. <u>Id.</u> To that effect, the Pennsylvania Supreme Court has made it clear that it disfavors imposing a duty that amounts to an undefined liability upon the defendant:

> Yes, one can reason in so many instances that an extension of liability is merely a small step flowing naturally and logically from the existing case law. Yet each seemingly small step, over time, leads to an ever proliferating number of small steps that add up to huge leaps in terms of extension of liability. At some point it must stop . . . .

<u>Witthoeft</u>, 733 A.2d at 630 (quoting <u>Emerich v. Philadelphia Center for Human Development, Inc.</u>, 720 A.2d 1032, 1045 (Pa. 1998)); <u>see also</u> <u>Toney v. Chester County Hosp.</u>, 36 A.3d 83, 91

(Pa. 2011) ("[W]e must draw lines to prevent unlimited liability to an unlimited number of plaintiffs, notwithstanding the commission of negligent acts.").[10] This factor thus counsels against imposing a duty on Boeing.

E. The Overall Public Interest in the Proposed Solution

In analyzing the public interest, the Superior Court of Pennsylvania has looked at other court's decisions in different jurisdictions as persuasive authority as to where the public interest lies. See Commerce Bank, 911 A.2d at 140. Here, the Court notes that, with few exceptions, courts throughout the country who have confronted this issue have declined to recognize such a duty. See Riedel, 968 A.2d at 18-19 (applying Delaware law and finding no duty); CSX Transp., Inc. v. Williams, 608 S.E.2d 208, 210 (Ga. 2005) (applying Georgia law and finding no duty); Nelson v. Aurora Equip. Co., 909 N.E.2d 931, 939 (Ill. App. Ct. 2009) (applying Illinois law and finding no duty); Van Fossen v. MidAmerican Energy Co., 777 N.W.2d 689, 697 (Iowa 2009) (applying Iowa law and finding no duty); Adams v. Owens-Illinois, Inc., 705 A.2d 58, 66 (Md. Ct. Spec. App.

---

[10] Plaintiff suggests that the Court could limit its ruling to only "known" household members; however, in doing so the Court would likely be inviting the proliferation of "huge leaps" that the court in Emerich cautioned against. Moreover, if establishing a duty to take-home exposure plaintiffs is sound public policy, limiting this duty to only "known" household members appears arbitrary and would be inconsistent with the rationale embodied in Plaintiff's public policy argument.

13

1998) (applying Maryland law and finding no duty); In re Certified Question from Fourteenth Dist. Court of Appeals of Texas (Miller v. Ford Motor Co.), 740 N.W.2d 206, 218 (Mich. 2007) (applying Michigan law and finding no duty); In re New York City Asbestos Litig. (Holdampf v. A.C. & S., Inc.), 840 N.E.2d 115, 116 (N.Y. 2005) (applying New York law and finding no duty); Boley v. Goodyear Tire & Rubber Co., 929 N.E.2d 448, 451 (Ohio 2010) (applying Ohio law and finding no duty).

Nor have lower federal and state courts applying Pennsylvania law found the existence of a duty under the circumstances of this case. See Jesensky v. A-Best Prods. Co., No. 96-680, 2003 WL 25518083, at *2 (W.D. Pa. Dec. 16, 2003) (magistrate judge's supplemental report and recommendation holding, under Pennsylvania law, landowner had no duty to daughter who laundered her father's clothes), adopted in part and rejected in part on other grounds, 2004 WL 5267498, at *1 (W.D. Pa. Feb. 17, 2004), aff'd on other grounds, 287 F. App'x 968, 973 (3d Cir. 2008); In re Asbestos Litig. (McCoy v. PolyVision, Corp.), No. N10C-04-203-ASB, 2012 WL 1413887, at *1, *4 (Del. Super. Ct. Feb. 21, 2012) (applying Pennsylvania law and analyzing Althaus factors in holding a premises owner did not owe a duty to an employee's spouse for her alleged take-home exposure under Pennsylvania law).

Finally, Plaintiff points to no relevant Pennsylvania precedent or doctrine that is offended by this trend. The cases from other jurisdictions cited by Mrs. Gillen that have arguably reached the opposite conclusion are not persuasive. First, Kesner v. Superior Court of Alameda County, 226 Cal. App. 4th 251, 251 (Cal. Ct. App. May 15, 2014), a California appellate decision, is in conflict with Campbell v. Ford Motor Co., No. B221322, 2012 WL 1820919, at *12 (Cal. Ct. App. May 12, 2012), another California appellate decision, regarding whether a duty exists under California law and the extent to which foreseeability is considered in the California court's analysis.[11] Second, the New Jersey Supreme Court in Olivo v. Owens-Illinois, Inc., while recognizing a duty under certain circumstances, stressed that, under New Jersey law, the "foreseeability of harm weighs in [the duty] analysis as a crucial element in determining whether imposition of a duty on an alleged tortfeasor is appropriate." 895 A.2d 1143, 1148 (N.J. 2006) (internal quotations omitted).[12] In Pennsylvania,

---

[11] The California Supreme Court recently granted a petition for review of the appellate court's decision in Kesner. Kesner v. S.C. (Pneumo Abex LLC), No. S219534, 2014 WL 4100139, at *1 (Cal. Aug. 20, 2014).

[12] Recently, the Honorable Judges C. Darnell Jones, II and Jeffrey L. Schmehl have both noted that the recognition of a take-home exposure duty in New Jersey is a narrow one and is tied restrictively to the facts of the case. See Schwartz v. Accuratus Corp., No. 12-06189, ECF No. 35 (denying the

foreseeability is only one of five distinct factors that this court must consider. See Althaus, 756 A.2d at 1168-69.

F. Weighing the Althaus Factors

The Court concludes that the Althaus factors do not counsel in favor of imposing a duty on Defendant Boeing to Mrs. Gillen. See Phillips v. Cricket Lighters, 841 A.2d 1000, 1008-09 (Pa. 2003) (holding "a duty will be found to exist where the balance of these factors weighs in favor of placing such a burden on a defendant"); see also Wyeth, 85 A.3d at 454; Seebold, 57 A.3d at 1245. Although Mrs. Gillen is theoretically a foreseeable plaintiff, the specter of limitless liability and the lack of a relationship between Mrs. Gillen's claim and Defendant's conduct weighs heavily against this Court imposing such a duty. See Althaus, 756 A.2d at 1168-69. Accordingly, neither precedent nor notions of public policy compel the result sought by Plaintiff. Therefore, under these circumstances, Boeing's motion to dismiss Plaintiff's claim based on take-home exposure to asbestos will be granted as Plaintiff fails to state a claim under Pennsylvania law. See Fed. R. Civ. P. 12(b)(6).

---

plaintiff's motion to remand and noting that the plaintiff's argument "would stretch the New Jersey Supreme Court's decision in Olivo beyond its tensile strength") (E.D. Pa. Mar. 1, 2013) (Jones, J.); Schwartz v. Accuratus Corp., No. 12-06189, 2014 WL 1225896, at *5 (E.D. Pa. Mar. 24, 2014) (Schmehl, J.) (noting that "the duty the [Olivo] court ultimately recognized was fairly narrow").

## IV. CONCLUSION

For all of the reasons stated above, the Court concludes that Boeing owed no duty to Mrs. Gillen regarding her claim for "take-home exposure" to asbestos. Accordingly, Boeing's motion to dismiss Plaintiff's claim for take-home exposure will be granted. An appropriate order follows.