IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :   Consolidated Under
LIABILITY LITIGATION (No. VI)  :   MDL DOCKET NO. 875

GILLEN                         :

v.                             :

VARIOUS DEFENDANTS             :   Case No. 13-03118

**FILED MAR 19 2015 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk**

O R D E R

**AND NOW**, this **18th** day of **March, 2015**, it is hereby **ORDERED** that Defendant The Boeing Company's Motion for Summary Judgment (ECF No. 210) is **GRANTED**.[1]

---

[1] Per the Fifth Amended Scheduling Order (ECF No. 182), motions for summary judgment were due by February 12, 2015, and responses to motions for summary judgment were due by March 12, 2015. Defendant The Boeing Company timely filed its summary judgment motion on February 12, 2015. See ECF No. 210. Plaintiff filed a response to Boeing's motion on March 16, 2015, four days after the court-ordered deadline for the filing of responses to summary judgment motions. See ECF No. 228.

Federal Rule of Civil Procedure 6(b)(1)(B) allows the Court to extend a filing deadline "on motion made after the time has expired if the party fails to act because of excusable neglect." Before permitting or excluding an untimely filing, the District Court must, after a formal motion is filed, decide whether there was excusable neglect. See Drippe v. Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)).

Here, Plaintiff has not moved for leave to file her opposition out of time. In fact, Plaintiff's response does not even appear to acknowledge that her response was untimely. Accordingly, the Court need not decide whether Plaintiff has demonstrated excusable neglect for missing a filing deadline as no formal motion has been filed. See Fed. R. Civ. P. 6(b)(1)(B). Moreover, in a multidistrict litigation setting, in which the Court is managing a docket of thousands of cases, the failure to adhere strictly to court-ordered deadlines impacts upon the efficient administration of the litigation. See In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 247 (3d Cir. 2013);

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

In re Asbestos Products Liab. Litig. (No. VI) ("Administrative Order No. 12 Motions to Dismiss Cases"), 278 F.R.D. 126, 132 (E.D. Pa. 2011) (Robreno, J.). Accordingly, the Court will not consider Plaintiff's untimely opposition in deciding Defendant's motion for summary judgment. As provided under local rules, the Court must independently determine that the moving party is entitled to judgment as a matter of law. See Loc. R. Civ. P. 7.1(c).

The basis for Defendant's motion is that there is no genuine dispute as to the material fact of whether Plaintiff's asbestos-related injuries were caused by asbestos attributable to Defendant Boeing. See Fed. R. Civ. P. 56(a). Based on the uncontested evidence presented by Defendant, the Court concludes that Defendant Boeing is entitled to judgment as a matter of law.